Merwin, J.
This is an action to foreclose a mortgage. Judgment of foreclosure was entered January 7, 1887. On the 13th of January, 1887, the plaintiff, upon affidavits showing that the defendants White and Stevens were cutting and removing timber and " wood from the premises covered by the mortgage, obtained an order under section 1681, restraining any further waste, also restraining the defendant from removing or interfering with any of the wood already cut, whether remaining on the premises or removed therefrom.
This motion is made upon the papers upon which the order was granted, and the grounds are (1), that the order does not recite the grounds of the injunction; (2) that rule 25 is not complied with, and (3), that the order is not authorized by the facts stated in the moving papers.
The first and second objections are not tenable. Section 610 of the Code and rule 13 do not, I think, apply to such orders, nor is a case made for the application of rule 25.
Under the third objection it is suggested that it is not shown that the party restrained is insolvent. That is not a prerequisite to the order under section 1681. The papers show that the parties possibly liable for the plaintiff’s debts are insolvent, so that the plaintiff can only look to the land. I have no doubt a case is made for restraining “further waste,” but the query with me is whether, under the statute, the order can go to the extent of restraining the disposition of the timber or wood already cut, especially as there is no allegation that the parties removing it are insolvent.
In People v. Alberty (11 Wend., 161, 163) it is held by Savage, J., that under the provision of the Revised Statutes, which was similar to section 1681 of the Code, waste prior to the service of the order could not be reached, and that an order restraining the removal of timber or bark already cut was erroneous.
In Johnson v. White (11 Barb., 194) Judge Harris seems to have had a similar view, though the case was somewhat different. There are cases where, in an action brought to restrain waste, not only will future waste be restrained, but also the removal of timber already cut. Kidd v. Dennison, 6 Barb., 18; Watson v. Hunter, 5 Johns. Ch., 169; Weatherby v. Wood, 29 How., 404; Farrington v. Birdsall, 5 Week. Dig., 421. Such, however, is not the present case.
The statute authorizes the order without notice or security, and, therefore, it should not be extended by construction to cases not within its fair meaning.
In my opinion the term “further waste” does not include the removal of wood or timber already cut.
*372 The order should, therefore, be modified by striking out the clause prohibiting the removal of wood or timber already cut. In other respects the motion is denied, without costs.